EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALFONSO LUQUIS y MANUEL J. JIMÉNEZ, acusados y apelante el segundo.

No. 4965.—*Sometido:* Marzo 21, 1933. *Resuelto:* Julio 11, 1933.

*González Fagundo & González Jr.,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Esta es la apelación de Manuel J. Jiménez en un caso en que él y Alfonso Luquis fueron convictos de transportar leche adulterada para dedicarla al consumo humano. Cuando los inspectores ocuparon la leche, el único de los acusados que estaba presente fué Alfonso Luquis, quien se admite era empleado de otra persona. El Gobierno trató de demostrar que esa otra persona era Manuel J. Jiménez, coacusado en este caso. Los inspectores tomaron muestras de la leche, dieron una de ellas a Luquis, pero no así a Jiménez. El Pueblo de Puerto Rico no fué a juicio bien preparado para probar su caso contra Jiménez. Tan era así, que uno de los inspectores mientras ocupaba la silla testifical pidió tiempo para volver a su oficina a fin de traer el récord original de Jiménez. En realidad de verdad, no se demostró claramente en el juicio que Jiménez tuviera licencia para explotar un puesto de leche. Uno de los testigos declaró que el carro en que se conducía la leche tenía un letrero o rótulo que mostraba el nombre de Jiménez y el número de su licencia. Este testigo también expresó que Luquis, al tiempo de la alegada transportación, vendía leche del depósito de Manuel Jiménez. También manifestó más tarde que no podía decir si la leche que se estaba vendiendo era del depósito de Manuel Jiménez o de cualquier otro depósito. En la repregunta el testigo dijo que sabía que Manuel Jiménez era el dueño de la leche de acuerdo con la licencia que le fué expedida. El acusado Jiménez objetó esta última manifestación, la corte desestimó el reparo, y el acusado anotó excepción. Hubo

mucho testimonio adicional y gran parte de él, si no todo, fué objetado y alguno eliminado bajo las órdenes de la corte. Sin embargo, la corte declaró a Jiménez culpable del delito imputádole.

En apelación, el único error señalado es que la corte se equivocó al apreciar la prueba. No se señaló error respecto a alguna de la evidencia que, a nuestro juicio, fué indebidamente admitida. En conjunto, no creemos que se probara más allá de toda duda razonable que la leche procedía del depósito de Manuel Jiménez. Considerando todo el testimonio objetado y no objetado, hubo alguna prueba circunstancial tendente a demostrar la culpabilidad de Manuel Jiménez, pero esa prueba circunstancial no era de por sí bastante para demostrar que la leche en verdad procedía del depósito de Manuel Jiménez, admitiendo que el carro fuera suyo y aun que Luquis fuera su empleado, extremo que no fué suficientemente esclarecido. No hubo prueba satisfactoria de que la leche fué tomada del depósito de Manuel Jiménez. No queda excluída la probabilidad de que la misma hubiera procedido de otra fuente. Si se considera la evidencia objetada, entonces había menos para justificar a la corte en declarar culpable al acusado.

Desde luego que de toda la evidencia en el caso uno podría extraer la idea de que hay la probabilidad de que Jiménez era culpable, pero la ley exige algo más. Exige algo que se aproxime a una certeza; en otras palabras, la culpabilidad del acusado debe establecerse fuera de toda duda razonable. En un caso criminal se presume la inocencia del acusado, y las reglas de derecho se hacen en gran parte para proteger al inocente. Si, siendo culpable, Jiménez pudiera ser convicto a base de la clase de prueba aducida en este caso, así podría serlo cualquiera persona por completo inocente de un delito. No estamos convencidos que la culpabilidad de Jiménez fué realmente probada, o probada fuera de toda duda razonable.

*Debe revocarse la sentencia apelada y absolverse al acusado Jiménez.*

El Juez Presidente Señor del Toro disintió.*